Law Offices of
# Howard Bruce Klein, P.C.
Suite 3025
1700 Market Street
Philadelphia, PA 19103
E-mail: klein@hbklein.com

Telephone: (215) 972-1411                                                                                     Fax: (215) 564-4048

**VIA ECF**

The Honorable Robert B. Kugler
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101

      Re: *United States v. Scarfo, et al.*, **11-CR-740**

Dear Judge Kugler:

      On behalf of Defendant Gary McCarthy, we hereby submit the following proposed jury instructions, along with objections to the Court's May 21, 2014 Jury Instructions Draft No. 2, pursuant to Rule 30 of the Federal Rules of Criminal Procedure.

**I.**      **PROPOSED JURY INSTRUCTIONS**

      **Proposed Instruction No. 1:  Attorney Trust Accounts**

      You have heard testimony about the use of EFM's Trust Account to receive and distribute funds to pay for the boat purchased by PS Charters LLC.  Every attorney in private practice is required by the Pennsylvania Rules of Professional Conduct to have a Trust Account.  An attorney's Trust Account must be used to segregate property belonging to clients and third persons from the attorney's own property.  When an attorney receives a client's or third person's funds, including as an escrow agent, the Rules of Professional Conduct require the attorney to keep those funds in the attorney's or law firm's Trust Account.

      The Trust Account requirement is designed to ensure the ethical conduct of attorneys and may not be waived by a client or third person.  Therefore, use of an attorney's Trust Account to hold and distribute funds for the purchase of property is not itself evidence of fraud.

Source: Pennsylvania Rule of Professional Conduct 1.15 including sub-part (b) and Comment (1); Pennsylvania Supreme Court Rule 81, Subchapter B:  Rules for Interest on Lawyers Trust Accounts, Preamble.

      **Proposed Instruction No. 2:  Limitations on Scope of Attorney Representation**

      You have heard testimony that Defendant McCarthy agreed to represent Defendant Pelullo, Seven Hills Management LLC as an attorney on certain legal matters, and FirstPlus entities on

The Honorable Robert J. Kugler
May 26, 2014
Page 2

certain corporate matters. As you have previously been instructed, it is the job of an attorney in private practice such as Defendant McCarthy to represent private clients in legal matters. The client and attorney have substantial latitude to establish the scope of the representation. They may agree that an attorney represents the client only on specific matters or even on limited aspects of a specific legal matter. An attorney is not required to represent or advise on matters outside the agreed upon scope of the attorney's representation.

<u>Source</u>: Pennsylvania Rule of Professional Conduct 1.2, sub-part (c), and Comments (6) and (7).

### Proposed Instruction No. 3:  Representation of Affiliated Entity

An attorney who represents a corporation does not, by virtue of that representation alone, represent an affiliated entity, such as a parent or subsidiary.

<u>Source</u>: Pennsylvania Rule of Professional Conduct Section 1.7, Comment ¶ 34.

### Proposed Instruction No. 4:  Duty of Confidentiality

You have heard testimony about information that attorneys including Defendant McCarthy received from their clients. The Rules of Professional Conduct generally require an attorney to maintain the confidentiality of information that the attorney receives relating to the representation of a client. This obligation of confidentiality generally prohibits an attorney from disclosing to third persons information relating to the representation of the client.

<u>Source</u>: Pennsylvania Rule of Professional Conduct 1.2, sub-part (a).

### Proposed Instruction No. 5:  Liability for Client's Criminal Conduct

An attorney should be found guilty of a criminal offense for an act committed during representation of a client only to the extent that a non-attorney acting similarly would. An attorney is generally not liable under criminal law for a client's criminal acts solely because the attorney advised or otherwise assisted the client in the underlying activities that constituted the offense when the attorney did not know of the client's intended criminal use of the advice.

<u>Source</u>: Restatement (Third) of the Law Governing Lawyers, Section 8, and Comment ¶ b.

### Proposed Instruction No. 6:  Payments from Third-Parties

An attorney may receive payments from a third party to represent a client. The Pennsylvania Rules of Professional Conduct direct that the attorney shall not permit a person who pays the attorney to render legal services for another to direct or regulate the attorney's professional judgment in rendering such legal services or to otherwise interfere with the attorney-client relationship. This includes that the attorney still owes a duty to protect the confidences of the client even from the third party payer.

<u>Source</u>: Pennsylvania Rules of Professional Conduct 1.8(f) and 5.4(c).

The Honorable Robert J. Kugler
May 26, 2014
Page 3

Mr. McCarthy also joins in the first and second proposed jury instructions set forth by counsel for Co-Defendant Adler in their May 22, 2014 submission to the Court

## II.     OBJECTIONS TO THE COURT'S DRAFT INSTRUCTIONS

On behalf of Defendant McCarthy, we submit the following proposed objections and/or proposed modifications of the Court's Jury Instructions Draft No. 2, filed on May 21, 2014. We begin by raising one objection not previously raised by co-defense counsel. Next, we address the previously raised objections in which we join.

### Proposed Instruction 103(c) (page 95)

Mr. McCarthy's name should be stricken from the first paragraph of the first portion of this proposed instruction, and the last sentence of this paragraph should be edited to read: "Note that the Government does not allege this object of the conspiracy against David Adler **or Gary McCarthy**." In ruling on the Rule 29 motion filed by Co-Defendant Adler, the Court ruled that a jury instruction was warranted to establish that Adler could not be convicted of this count because there was no evidence of his involvement. Mr. McCarthy joined in this motion and the Court, and AUSA D'Aguanno, agreed that the same instruction would apply to Mr. McCarthy.

*     *     *

### Proposed Jury Instruction 6 (page 19)

Mr. McCarthy joins in Co-Defendant Adler's May 22, 2014 objection to this instruction, because summaries themselves are not proof of any facts, and should not be given equal weight compared with the records themselves.

### Proposed Jury Instruction 9 (page 21)

Mr. McCarthy joins in Co-Defendant Manno's May 21, 2014 objection to this instruction, in that a 9th credibility factor should be added to this list: "any benefit the witness has received including reducing or eliminating personal exposure to criminal charges carrying significant periods of jail."

### Proposed Jury Instruction 13 (pages 24-25)

Mr. McCarthy joins in Co-Defendant Manno's May 21, 2014 objection to this instruction, in that the requested language should be added regarding motive.

### Proposed Jury Instruction 14 (page 25)

Mr. McCarthy joins in Co-Defendant Adler's May 22, 2014 objection to this instruction regarding preparation of government witnesses, on the basis that it is confusing and unnecessary.

The Honorable Robert J. Kugler
May 26, 2014
Page 4

**Proposed Jury Instructions 12, 13 and 20**

Mr. McCarthy joins in Co-Defendant Adler's May 22, 2014 objection that these three instructions should be given after the court instructs the jury on the particular kinds of evidence.

**Proposed Jury Instruction 16 (page 26)**

Mr. McCarthy joins in Co-Defendant Manno's May 21, 2014 objection to this instruction, in that the requested language regarding credibility should be added to the end of this instruction.

**Proposed Jury Instruction 22 (page 29)**

Mr. McCarthy joins in Co-Defendant Adler's May 22, 2014 objection, that the requested additional language should be added to this instruction regarding lay opinion evidence.

**Proposed Jury Instruction 26 (page 31)**

Mr. McCarthy joins in Co-Defendant Adler's May 22, 2014 objection to this charge, and further joins in the objection to providing a copy of the indictment to the jury during deliberations.

**Proposed Jury Instruction 28 (page 32)**

Mr. McCarthy joins in Co-Defendant Adler's May 22, 2014 objections to this charge concerning multiple defendants charged with different offenses, and the dangers of "guilt by association," and joins in the requested edits to this instruction. At a minimum, Mr. McCarthy asks the Court to add the following language to this proposed instruction: "The guilt or innocence of each defendant must be separately considered, and your decision on one defendant should not influence your decision on another defendant." *See* Third Circuit Model Jury Instruction 1.15.

**Proposed Jury Instruction 39 (pages 44-45)**

Mr. McCarthy joins in Co-Defendant Manno's May 21, 2014 objection to this instruction, in that the requested language should be added to the end of this instruction.

                      Respectfully submitted,

                      */s/ Howard Bruce Klein*
                      HOWARD BRUCE KLEIN

HBK/mmw
cc: All Counsel of Record (via ECF)