

LAW OFFICES OF
# RILEY & RILEY

| | | |
|---|---|---|
| EXECUTIVE COURT | (609) 914-0300 | BY APPOINTMENT |
| 2 Eves Drive, Suite 109 | (609) 914-0323 FAX | 1616 Pacific Avenue, Suite 305 |
| Marlton, NJ  08053 | | Atlantic City, NJ  08401 |
| **Mailing Address** | | |

Michael E. Riley
Tracy L. Riley
Daria B. Janka
John P. Montemurro, Of Counsel

WORKERS' COMPENSATION
3 Eves Drive, Suite 305
Marlton, NJ  08053

February 17, 2020

Via Electronic Filing
Honorable Robert B. Kugler
United States District Judge
Mitchell Cohen Courthouse
Fourth and Cooper Street
1 John F. Gerry Plaza
Camden, NJ 08102

RE:     UNITED STATES v. NICODEMO S. SCARFO

Dear Judge Kugler:

Mr. Gross argues that because a clerk permitted an extension of time to respond to a Circuit Court matter, that action was done "specifically because this Court scheduled this conference for today."  There is no support for this contention in any way.

Regardless of Gross's distortions regarding the Circuit, nothing changes the fact that his current application has nothing to do with Scarfo's prior Rule 10 filings (and if it does he should have raised these arguments when those issues were pending before the District Court). Furthermore, Scarfo's filings before the district court sought leave to correct and amend the record in accordance with Rule 10, pursuant to the District Court's order forbidding "any and all further motions." ECF 1274, 7/16/15.  As previously raised within his motion for leave to file a motion pursuant to Rule 10, it is Scarfo's obligation to bring errors and omissions to the attention of the District Court, in order to avoid a scenario where the Government would be sandbagged at the Circuit.  Yet the fact that it was raised in a good faith attempt to resolve the matter prior to raising it with the Circuit, it is now somehow being used against Scarfo as a basis for the District Court's retention of jurisdiction.

Additionally, the government points to cases that clearly define that jurisdiction is divested and is conferred upon the court of appeals, unless exceptions to the rule exist. "Exceptions to the rule in Griggs allow the district court to retain jurisdiction to issue orders staying, modifying, or granting injunctive relief, to review applications for attorney's fees, to direct the filing of supersedeas bonds, to correct clerical mistakes, and to issue orders affecting the record on appeal and the granting or vacating of bail. *See Bensalem Township v. International Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 & n.9 (3d Cir. 1994) (describing some exceptions to general rule); *Mary Ann Pensiero, Inc. v. Lingle,* 847 F.2d 90, 97 (3d Cir. 1988) (same);" *Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999). The cited cases address primarily clerical errors that required the District Court's intervention. The situation here differs in that Scarfo's good faith attempts to correct these matters were addressed and outright denied by the District Court. Should the Circuit require clarification on review because the record is unclear, it can seek the District Court's assistance.

The record exists, Gross believes that it is in error, and this is a paradigmatic attempt to supplement or amend the record. Mr. Scarfo renews his objection to the meeting before the District Court tomorrow given that the matter is pending before the Circuit.

Respectfully,

/s/_____
Michael E. Riley, Esquire
*Counsel for the Defendant*